In re Estate of Pfeifle: Pfeifle et al., Exrs., Appellants, *v.* Schneider, Tax Commr., Appellee.

(No. 5718—Decided April 8, 1966.)

*Messrs. Brouse, McDowell, May, Bierce & Wortman,* for appellants.

*Mr. William B. Saxbe,* attorney general, and *Mr. Jon A. Ziegler,* for appellee.

Doyle, P. J.   The executors of the estate of Fred J. Pfeifle, deceased, have filed this appeal on questions of law and fact from a judgment of the Probate Court of Summit County entered on October 5, 1965, in favor of the Tax Commissioner of Ohio, Louis J. Schneider, Jr., and against the executors of the aforesaid estate.

The record shows that the Probate Court, pursuant to hearing, excluded from the Pfeifle estate, for succession tax purposes, the value of certain property transferred by the de-

cedent to an irrevocable *inter vivos* trust which was created by the decedent about five years prior to his death in 1962. The Tax Commissioner thereupon filed his exceptions to the court's order and, with modification, the exceptions were sustained. The judgment reflecting the sustaining of the exceptions, and from which this appeal is taken, appears in the following words and phrases:

"This cause came on to be heard upon the exceptions filed by the Tax Commissioner to the failure to levy and assess the Ohio inheritance tax upon the transfer set out in Schedule 6 of the application to determine inheritance tax, the evidence and arguments of counsel.

"Upon consideration whereof, and for the reasons announced in the written finding made in the above-styled matter on September 13, 1965, the court finds the value of the transfer measured as of the transferor's death to be $324,111.00; that by the terms of the transfer, $54,000.00 of the value was a transfer to take effect immediately; that the balance of the transfer, $270,111.00, was a transfer intended to take effect in possession or enjoyment at or after the transferor's death; that this transfer is subject to the Ohio inheritance tax, Section 5731.02, Revised Code; and that the Tax Commissioner's exceptions are well taken and should be sustained.

"It is therefore ordered, adjudged and decreed that the exceptions be, and the same hereby are, sustained and it is further ordered that the inheritance tax in the above-styled matter be redetermined by including therein the property, having a value as of the date of the transferor's death of $270,111.00, which is found and determined to be a transfer intended to take effect in possession or enjoyment at or after the transferor's death.

"To all of which the executors, by counsel, except."

The opinion of the Probate Court, reported as *In re Estate of Pfeifle*, 4 Ohio Misc. 229, contains a sufficiently complete summary of the facts involved, and for the purposes of the motion now here for decision, the complete facts need not be again recited. If for any reason they may add enlightenment, we adopt them by reference.

The motion for decision is:

"Now comes Gerald A. Donahue, Tax Commissioner of

Ohio (successor to Louis J. Schneider, Jr.,) appellee herein, and respectfully moves this court to dismiss this purported appeal for the reason that same is not prosecuted by the parties adversely affected by the final order of the court below. In the event that the foregoing motion to dismiss is not sustained, Gerald A. Donahue, appellee, respectfully moves this court to dismiss this purported appeal on questions of law and fact for the reason that this court does not have jurisdiction to entertain this matter on questions of both law and fact."

The first crucial question for decision is whether the executors have a legal right to appeal. If they do not have this right, then it is obvious that whether their appeal was on questions of law, or on questions of law and fact, is of no consequence.

The Tax Commissioner contends that a primary requisite to the perfecting of an appeal is that the person so moving, in the absence of a specific statute to the contrary, must have been aggrieved or prejudiced by the judgment of the court from which the appeal is taken, and that these executors are not aggrieved, as such, by the court's order.

The executors contend that they are aggrieved and prejudiced in their official position for the reason that under the court's order the tax on the property in the trust (a nonprobative item) must be paid out of the assets of the estate which they are administering by virtue of the following provision in the Pfeifle will:

"Item I. I direct that my just due debts and funeral expenses be paid as soon as practicable after my decease, and that all death taxes, both federal and state, payable by my estate, or the recipient of any probate or non-probate assets, be paid, without apportionment, out of the residue of my estate." (Emphasis ours.)

The right to appeal from the order of the Probate Court, entered under the right granted in Section 5731.38, Revised Code, to the Court of Appeals is governed by Section 5731.40, Revised Code, which appears as follows:

"An appeal may be taken by any party, including the Tax Commissioner, from the final order of the Probate Court under Section 5731.38 of the Revised Code in the manner provided by law for appeals from orders of the Probate Court in

other cases. An appeal by the commissioner may be perfected in the manner provided by law.''

We conceive the law to be that a settlor of an *inter vivos* trust may, by appropriate terms in his will, shift the burden of payment of a succession tax on trust property to his testamentary estate. *Central Trust Co. of Cincinnati, Exr.*, v. *Lamb*, 74 Ohio App. 299. If, therefore, the court's decision is wrong, as the executors claim it to be, they will be required to pay the tax out of the residue of the estate under the terms of the will, and the estate will be damaged to the extent of the payment. Thus we hold that the executors are aggrieved in their official capacity in that the judgment adversely affects the estate which they are administering and hence they are entitled to appeal. See 2 Ohio Jurisprudence 2d 771, Appellate Review, Section 165.

Proceeding now to the question of whether this appeal should be on questions of law alone, or whether it may be properly appealed on questions of law and fact, we look to Section 2501.02 (1), Revised Code. This section provides that all cases not falling within the classes specifically designated shall be heard on appeal on questions of law alone. One of the classes of cases specifically designated for hearing on questions of law and fact (*de novo* hearing) is described in the Code as follows:

''The construction or enforcement of a trust, including the enforcement or establishment of constructive or resulting trusts.''

The order here for review relates only to the imposition of a succession tax, and while it may be necessary to apply the law of trusts in a determination of whether the tax was rightfully imposed, nevertheless the judgment on appeal does not fall within the category of construing or enforcing a trust or the establishment of a constructive or resulting trust, as the Code recites.

Therefore, the appeal on questions of law and fact will be dismissed and the appeal retained on questions of law.

A journal entry will be prepared dismissing the appeal on questions of law and fact and retaining the appeal on questions of law; and otherwise not inconsistent with this opinion.

*Judgment accordingly.*

BRENNEMAN and HUNSICKER, JJ., concur.